IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE PHARMACY SERVICES, INC., d/b/a GOLDEN GATE PHARMACY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>PFIZER, INC., and WYETH,<br><br>    Defendants | No. C-09-3854 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

Before the Court is defendants Pfizer Inc. and Wyeth's "Joint Motion to Dismiss Plaintiffs' Complaint," filed September 2, 2009.  Plaintiffs Golden Gate Pharmacy Services, Inc., James Clayworth, Marin Apothecaries, Pediatric Care Pharmacy, Inc., Tony Mavrantonis, John O'Connell, and Tilley Apothecaries, Inc. have filed opposition, to which defendants have filed a joint reply.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for October 16, 2009, and rules as follows.

In their complaint, plaintiffs allege that defendants are competitors "in the manufacture, marketing, and sale of prescription pharmaceutical drugs in the United States" (see Compl. ¶ 26), and that defendants have "agreed to combine in a cash-and-

stock deal for $68 billion dollars, in the largest big pharma and largest biopharma merger in world history" (see Compl. ¶ 1). Plaintiffs allege the "effect of the announced merger of defendants may be to lessen competition or to tend to create a monopoly in the manufacture, and sale of prescription pharmaceutical drugs . . . and will constitute a combination that unreasonably restrains trade in this market." (See Compl. ¶ 7.) Based on such allegations, plaintiffs allege the merger, if not enjoined, will violate Section 16 of the Clayton Act, 15 U.S.C. § 26, and Section 1 of the Sherman Act, 15 U.S.C. § 1.

In their motion to dismiss, defendants argue plaintiffs have failed to sufficiently allege a product market.[1]

"Antitrust law requires [an] allegation of both a product market and a geographic market." Newcal Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1045 (9th Cir. 2008). A product market consists of "commodities reasonably interchangeable by consumers for the same purposes." See United States v. E.I. du Pont de Nemours & Co., 351 U.S. 377, 395 (1956). Accordingly, a product market "must encompass the product at issue as well as all economic substitutes for the product." See Newcal, 513 F.3d at 1045.

An allegation that a product market exists must be, as with any element of a claim, supported by "sufficient factual matter," see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), and a complaint is subject to dismissal for failure to allege sufficient facts to support a cognizable product market, see, e.g., Tanaka v. University of Southern California, 252 F.3d 1059, 1063-64 (9th Cir. 2001) (affirming dismissal of antitrust claims where plaintiff athlete identified product market as "UCLA women's soccer program" but failed to allege any facts to support "conclusory" assertion that such market existed).

Here, the complaint identifies the relevant product market as "the manufacture and

---

[1] In support of the instant motion, defendants offer the Declaration of Lisa Tenorio-Kutzkey, to which are attached exhibits that, according to defendants, contradict plaintiffs' allegations that banks have loaned Pfizer, Inc. money using "TARP" funds and that defendants together control 40% of the sales of prescription drugs. Plaintiffs argue that if the Court considers defendants' evidence, the Court should treat the instant motion as a motion for summary judgment. Based on the Court's finding that plaintiffs have failed to allege a cognizable claim, the Court finds it unnecessary to consider defendants' evidence.

1 sale of prescription pharmaceutical drugs." (See Compl. ¶ 29.) Plaintiffs fail to allege,
2 however, even as a conclusion, let alone the requisite facts to support a finding, that all
3 prescription drugs are "reasonably interchangeable by consumers for the same purposes."
4 See E.I. du Pont de Nemours, 351 U.S. at 395.

5       In their opposition, plaintiffs rely on their allegations that the "pharmaceutical industry
6 consists of many different categories of therapeutic products" (see Compl. ¶ 46), that
7 "[w]ithin each category, there is a high substitutability of demand inasmuch as the products
8 in the category are used for the same purposes" (see id.), that "[g]enerally, when the
9 number of products in a category increases, prices significantly decrease," (see Compl.
10 ¶ 47), that "defendants have a number of products in the same pharmaceutical categories"
11 (see Compl. ¶ 48), that defendants have competing "antidepressant[ ]," "antibacterial," and
12 "anti-neoplastic" products (see Compl. ¶¶ 49-51), and that "[t]he merger will eliminate all
13 competition between such competing products" (see Compl. ¶ 52). To the extent plaintiffs,
14 by relying on said allegations, may be asserting that "categories of therapeutic products"
15 constitute relevant product markets, the complaint fails to give notice of such theory or to
16 give notice of the "categories" plaintiffs believe to be product markets.[2]

17       Moreover, even if the complaint could be reasonably understood as providing
18 sufficient notice that "categories of therapeutic products" are the product market(s) at issue
19 herein, the complaint fails to allege sufficient facts to support a finding that the proposed
20 merger will have "significant anticompetitive effects" within any particular "category." See
21 Tanaka, 252 F.3d at 1063-64 (affirming dismissal of antitrust claims where plaintiff failed to
22 allege facts to support finding conduct at issue "has had significant anticompetitive effects
23 within a relevant market, however defined"). For example, although plaintiffs allege
24 "Pfizer's anti-neoplastic, Sutent, competes with Wyeth's anti-neoplastic, Torisel," and that
25 the merger will "eliminate" such competition (see Compl. ¶¶ 51, 52), plaintiffs fail to allege
26 that there exists no other reasonably interchangeable products within the "category of

27

28       [2]As discussed above, the only "market" identified in the complaint is the "manufacture and sale of prescription pharmaceutical drugs." (See Compl. ¶ 29.)

3

therapeutic products" in which Sutent and Torisel compete. See, e.g., Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1105 (9th Cir. 1999) (holding, where plaintiffs alleged "product markets for lodging accommodations and ski packages" in Big Bear Valley, district court properly dismissed antitrust claims because plaintiffs failed to allege "there are no other goods or services that are reasonably interchangeable with lodging accommodations or ski packages within [the] geographic market").

Accordingly, the complaint is subject to dismissal for failure to allege a cognizable product market.[3]

**CONCLUSION**

For the reasons discussed above, defendants' motion to dismiss plaintiffs' complaint is hereby GRANTED, and plaintiffs' complaint is hereby DISMISSED with leave to amend to cure the deficiencies identified above.

If plaintiffs elect to file a First Amended Complaint to cure such deficiencies, plaintiffs shall file their First Amended Complaint no later than November 6, 2009.

**IT IS SO ORDERED.**

Dated: October 14, 2009

MAXINE M. CHESNEY
United States District Judge

---

[3]Defendants also argue plaintiffs have failed to allege sufficient facts to support a finding that harm to competition in the relevant market will result from the merger. In light of the Court's finding as to plaintiffs' failure to allege a cognizable product market, the Court does not reach these additional arguments.