MORGAN, LEWIS & BOCKIUS LLP
Franklin Brockway Gowdy, State Bar No. 047918
Kent M. Roger, State Bar No. 095987
Lisa Tenorio-Kutzkey, State Bar No. 205955
R. Sturtevant Eaton, State Bar No. 240761
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: fgowdy@morganlewis.com
kroger@morganlewis.com
ltenorio-kutzkey@morganlewis.com
reaton@morganlewis.com

Scott A. Stempel (*appearing Pro Hac Vice*)
John Clayton Everett, Jr. (*appearing Pro Hac Vice*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.739.3000
Facsimile: 202.739.3001
E-mail: sstempel@morganlewis.com
jeverett@morganlewis.com

Attorneys for Defendants Pfizer Inc. and Wyeth

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOLDEN GATE PHARMACY SERVICES, INC., d/b/a GOLDEN GATE PHARMACY, JAMES CLAYWORTH, R.Ph., MARIN APOTHECARIES, d/b/a ROSS VALLEY PHARMACY, PEDIATRIC CARE PHARMACY, INC., TONY MAVRANTONIS, R.Ph., JOHN O'CONNELL, R.Ph., and TILLEY APOTHECARIES, INC., d/b/a ZWEBER's APOTHECARY,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER INC., and WYETH,<br><br>Defendants. | Case No. CV-09-3854 MMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE MOTION FOR ORDER SHORTENING TIME** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/63817201.2

OPP. TO MOTION FOR ORDER
SHORTENING TIME (CV-09-3854 MMC)

## I. PRELIMINARY STATEMENT

Plaintiffs' untimely effort to shorten time to reconsider this Court's prior denial of their request for extraordinary relief preventing the consummation of Defendants' merger should be denied. After failing on their first motion for temporary restraining order ("TRO"), and after having their first Complaint dismissed, Plaintiffs are at it again. Once again, Plaintiffs have demonstrated their disdain for the Court's Rules and the earlier orders in this case, filing late Friday afternoon another motion for TRO and a requested order shortening time ("OST"), which does not satisfy *any* of the four required elements of Local Rule 6-3(a). Plaintiffs' latest tack to interfere with Defendants' merger – announced almost nine months ago – is not only meritless but sanctionable. Their motion for OST should be summarily denied.

Last Wednesday, the Court denied Plaintiffs' first motion for TRO, which sought to prevent the consummation of Defendants Pfizer Inc. and Wyeth's ("Defendants") $68 billion merger ("First TRO Motion").[1] The Court, citing Civil Local Rule 7-2(a), ruled that Plaintiffs had failed to establish a likelihood of success on the merits and that "Plaintiffs have failed to show why the instant TRO application should be heard on a substantially shortened time."[2]

On the same day, the Court dismissed Plaintiffs' Complaint for failing to define a tenable product market or allege facts suggesting Defendants' merger would result in significant anticompetitive effects.[3] That Plaintiffs were unable even to allege the requisite facts to state a claim for relief is entirely consistent with the actions of the 14 international and domestic competition authorities that reviewed and approved this merger.[4] Indeed, the Federal Trade Commission ("FTC") – the agency charged with reviewing the merger to ensure compliance with U.S. antitrust laws – concluded that "[a]fter a thorough investigation . . . that the transaction does *not* raise any anticompetitive concerns in any human health markets."[5]

---

[1] This Court found that Plaintiffs could not establish that they were likely to succeed on the merits because Plaintiffs' Complaint failed to allege a cognizable product market. *See* Docket No. 46, Order Denying Plaintiffs' [First] Application for Temporary Restraining Order ("TRO Denial Order") at 1.
[2] TRO Denial Order at 2.
[3] Docket No. 45, Order Granting Defendants' Motion to Dismiss Plaintiffs' Complaint ("Dismissal Order").
[4] Despite Plaintiffs' counsel's views, this Court's order dismissing Plaintiffs' Complaint was *not* "contrary to the law." Declaration of Kent M. Roger ("Roger Decl."), Exh. A. (10/19/09 Courthousenews.com article).
[5] Docket No. 47, Letter from Defendant Pfizer ("Pfizer Letter"), Attachment 1 (emphasis added).

As announced, Defendants closed their merger on Thursday, October 15, 2009, at which time Wyeth became a wholly-owned subsidiary of Pfizer, Inc.[6] Since that time, Defendant Pfizer has taken extraordinary and irreversible steps to integrate the two companies.[7] As described in Defendants' press releases and news articles, Defendants have "become one."[8]

Having failed in their first attempt to disrupt Defendants' merger pre-closing, Plaintiffs have cavalierly recycled their deficient papers in an effort to derail Defendants' integration that is contemptuous of the Court's orders of last week. Late Friday afternoon, Plaintiffs filed their second Complaint and a second TRO motion, which both bear a striking resemblance to their previous defective filings.[9] Except that now Plaintiffs seek even more drastic and unprecedented relief. They ask this Court to intervene in the affairs of a large private enterprise and mandate how it will conduct its business. The Court is asked to order: (1) Defendants to hold separate and not commingle their businesses; (2) Defendants' employees to stop speaking with each other about product pricing or product marketing; and (3) Defendants to be enjoined from discharging any of their employees.[10] Plaintiffs fall far short of the showing necessary to justify such extraordinary relief. On top of all of this, Plaintiffs ask the Court to dispense with the normal briefing timeline and hear their Second TRO Motion "as soon as possible," ignoring the Court's earlier Order that they must establish good cause to demand exigent action.[11]

The Court should deny Plaintiffs' OST Motion outright. The page-and-a-half they devote to their OST Motion utterly fails to meet any of the four requirements of Local Rule L.R. 6-3(a). It does not "set forth with particularity" any basis to shorten time. It also fails to certify any efforts made to obtain a stipulation to change the time – Plaintiffs made *no effort* – and fails to identify prejudice or harm to Plaintiffs. Lastly, Plaintiffs completely ignored any description of Defendants' position in their Second TRO Motion. Plaintiffs' OST Motion should be denied.

---

[6] *See* Docket No. 50, Letter from Counsel of Defendant Pfizer dated October 15, 2009.
[7] *See* Docket No. 35, Defendants' Opposition to Plaintiffs' [First] Application for Temporary Restraining Order ("First TRO Opp."); Docket No. 42, Declaration of Kristin Peck in Support of Defendants' First TRO Opp.; Docket No. 39, Declaration of Gregory Norden in Support of Defendants' First TRO Opp.
[8] *See* Roger Decl., Exh. B (10/16/09 Press Release); and Exh. C (10/15/09 New York Times article).
[9] Defendants intend to file a motion to dismiss Plaintiffs' First Amended Complaint on October 30, 2009.
[10] Docket No. 53, Plaintiffs' [Second] Application for Temporary Restraining Order ("Second TRO Opp.") at ii.
[11] Docket No. 54, Plaintiffs' Ex Parte Application for an Order Shortening Time ("OST Motion.") at 1.

1    Moreover, Plaintiffs have failed to establish the "substantial harm or prejudice" that would
2 result if Defendants oppose the Second TRO Motion on a normal schedule, a repeat of the
3 shortcoming found by the Court in denying their First TRO Motion. Plaintiffs seek an
4 accelerated hearing based on one concern: that Defendants – that have now lawfully
5 consummated their merger with the approval of 14 antitrust agencies – will properly integrate the
6 businesses of Pfizer and its subsidiary in accordance with the plan publicly announced and known
7 to Plaintiffs many months ago. Had Plaintiffs acted with *any* diligence, they would not be caught
8 flat footed now. Instead, they waited for **7 months** after Defendants' merger was announced to
9 even file a complaint. Then, they waited an additional **7 weeks** before seeking injunctive relief.
10 Plaintiffs' inaction defeats their claim that there has ever been a need for urgent legal relief, let
11 alone that any exigency exists now.
12    The Court ruled last week that Plaintiffs failed to show why their First TRO Motion
13 should be heard on a shortened time. Plaintiffs' current showing fares no better. Their OST
14 Motion should be denied.

15 **I.    ARGUMENT**
16    **A.    Plaintiffs' OST Motion Fails To Comply With Civil Local Rules**
17    In the Northern District of California, a motion to shorten time must: (1) set forth with
18 particularity, the reasons for the shortening of time; (2) describe the efforts made to obtain a
19 stipulation to the time change; (3) identify the substantial prejudice or harm that would occur if
20 the Court did not change the time; and (4) describe the nature of the underlying dispute that
21 would be addressed in the motion and the positions of each party, among other things. Civil L.R.
22 6-3(a).
23    Plaintiffs' hastily-filed OST Motion fails to comply with Civil Local Rule 6-3 in every
24 respect. To begin, Plaintiffs make a half-hearted effort to set forth any reason why this Court
25 should hear the Second TRO Motion on an expedited basis, only surmising: "If the regular
26 schedule for motions is followed, it may be months before plaintiffs' motion for preliminary
27 injunction may be heard. By that time, it is likely that much of the integration of the defendants
28 will be complete." OST Motion at ¶2. These statements fail to particularize any reason why this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/63817201.2                3                OPP. TO MOTION FOR ORDER
                                               SHORTENING TIME (CV-09-3854 MMC)

1  Court should hear Plaintiffs' OST Motion on a shortened time table, much less establish that
2  Plaintiffs would suffer harm or prejudice absent an expedited hearing schedule.
3    In addition, Plaintiffs fail to describe any efforts made to obtain a stipulation from
4  Defendants to change the time. They fail to do so because they made *no effort*. *See* Roger Decl.
5  at ¶ 5. No attorney of either Defendant was contacted to discuss or obtain a stipulation as to a
6  briefing schedule for the Second OST Motion. *Id*.
7    Finally, Plaintiffs make no effort to describe Defendants' positions in connection with the
8  Second TRO Motion. Plaintiffs could have easily done so given that their First and Second TRO
9  Motions are largely the same and that Defendants already filed (and prevailed on) their opposition
10 to Plaintiffs' First TRO Motion. As a result, this Court should deny Plaintiffs' OST Motion for
11 failing to comply with Civil Local Rule 6-3.

12    **B.    Plaintiffs' Fail to Demonstrate Substantial Prejudice or Harm**

13    The Federal Rules of Civil Procedure permit an order shortening time only "for good
14 cause." Fed. R. Civ. P. 6(c)(1)(C). This Court's Standing Orders echo the Federal Rules and
15 make clear that "no changes in the Court's schedule or procedures shall be made except … upon a
16 showing of good cause." Standing Orders for Civil Cases Assigned to Hon. Maxine M. Chesney,
17 7. Indeed, the Local Rules require that a supporting declaration "identif[y] the *substantial harm*
18 *or prejudice* would occur if the Court does not change the time." Civil L.R. 6-3(a) (emphasis
19 added).

20    An OST Motion is predicated on the assumption that there is an urgent need for speedy
21 action in order to avoid undue harm to the movant. There is no such urgency here, only a lack of
22 diligence by Plaintiffs.

23    Plaintiffs' OST Motion lists only one reason for granting an accelerated hearing: that
24 Defendants will continue to integrate their two corporations, thereby lessening Plaintiffs' chances
25 of obtaining the relief sought in their Complaint. This is a manufactured crisis, and not sufficient
26 to justify a departure from this Court's normal briefing schedule. Plaintiffs already had the better
27 part of a year to weigh in on Defendant's merger *before* it was consummated. Instead, they
28 waited for 7 months after the merger was announced, and then filed a woefully deficient

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/63817201.2                4                OPP. TO MOTION FOR ORDER
                                               SHORTENING TIME (CV-09-3854 MMC)

1 Complaint seeking to enjoin the merger. They then waited another 7 weeks, until the day before
2 the merger was approved, to file for a temporary restraining order. Were Plaintiffs truly
3 threatened by Defendants' merger, they would have sought injunctive relief sooner.

4 And now, after the merger has closed, Plaintiffs have come back to the Court claiming
5 that Defendants' integration efforts represent a *new* emergency. This is absurd. Plaintiffs should
6 have known from the outset that integration would follow the merger. Any perceived time
7 pressures Plaintiffs face are the result of their own choice not to timely file their Complaint or
8 their First TRO Motion. Defendants not only have the right to integrate, but are obligated to do
9 what is best for their shareholders. The only real emergency here is that the damage that would
10 occur if Defendants were forced to halt their integration plans for the pendency of this litigation.

11 Finally, Plaintiffs fail to outline the harm they will suffer from the integration of
12 Defendants in the first place. Plaintiffs attempt to cure this inadequacy by referencing their
13 Second TRO Motion, which allegedly has "detailed reasons for the request to shorten time."
14 Declaration of James M. Dombroski at ¶1. Defendants can find no such detailed reasons. The
15 only verifiable facts put forth in connection with Plaintiffs' Second TRO Motion are in a two-
16 paragraph declaration by Plaintiff James Clayworth. But Mr. Clayworth does not even lay
17 foundation for the allegation in the unverified complaint that he bought anything from
18 Defendants. His incantations of irreparable injury in the form of "higher drug prices, diminished
19 choice of drugs and lower quality of drugs" are unsupported legal conclusions to which
20 Defendants have filed herewith separate evidentiary objections. Clayworth Decl. at ¶1-2.

21 **II. CONCLUSION**

22 Based on the foregoing, Defendants Pfizer and Wyeth respectfully request that Plaintiffs'
23 OST Motion be denied, that the Court order Plaintiffs to file proper motion for permanent
24 injunction on a regular notice and briefing period, and that the hearing for any such permanent
25 injunction motion be consolidated with the hearing date for Defendants' forthcoming motion to
26 dismiss Plaintiffs' First Amended Complaint, which will be filed on October 30, 2009.

27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/63817201.2     5     OPP. TO MOTION FOR ORDER
SHORTENING TIME (CV-09-3854 MMC)

| | | |
|---|---|---|
| 1 | Dated: October 20, 2009 | MORGAN, LEWIS & BOCKIUS LLP |

By        /s/       
Franklin Brockway Gowdy (SBN 47918)
Kent M. Roger (SBN 95987)
Lisa Tenorio-Kutzkey (SBN 205955)
R. Sturtevant Eaton (SBN 240761)
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
Email: fgowdy@morganlewis.com
Email: kroger@morganlewis.com
Email: ltenorio-kutzkey@morganlewis.com
Email: reaton@morganlewis.com

Scott A. Stempel
J. Clayton Everett, Jr.
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
Email: sstempel@morganlewis.com
Email: jeverett@morganlewis.com

Counsel for Defendants Pfizer Inc. and Wyeth