IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOLDEN GATE PHARMACY SERVICES, INC., d/b/a GOLDEN GATE PHARMACY, et al.,

    Plaintiffs,

v.

PFIZER, INC., and WYETH,

    Defendants

No. C-09-3854 MMC

**ORDER DENYING PLAINTIFFS' APPLICATION FOR ORDER SHORTENING TIME; SETTING NOVEMBER 20, 2009 HEARING ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

    Before the Court is plaintiffs' "Ex Parte Application for an Order Shortening Time" ("Application"), filed October 16, 2009, by which plaintiffs seek an order shortening time to hear the "Motion and Application for Temporary Restraining Order and Order to Show Cause" ("Motion") filed October 16, 2009. Defendants have filed opposition to the Application. Having read and considered the papers filed in support of and in opposition to plaintiffs' Application, the Court rules as follows.

    Because the Motion was filed on October 16, 2009, it would be heard on November 20, 2009, see Civil L.R. 7-2(a), unless plaintiffs demonstrate the Motion should be heard on shortened time, see Civil L.R. 6-3. Under the Local Rules of this District, a party seeking to have a motion heard on shortened time must submit a declaration that, inter alia, "[i]dentifies the substantial harm or prejudice that would occur if the Court did not

change the time." See Civil L.R. 6-3(a)(3). Here, the Application incorporates by reference the Motion, and, consequently, the Court considers whether the declarations offered in support of the Motion adequately identify "substantial harm or prejudice that would occur" if the Motion is not heard before November 20, 2009.[1]

The Motion is supported by two declarations, specifically, the Declarations of James Clayworth and William S. Comanor, neither of which the Court finds to be sufficient for purposes of demonstrating that the Motion should be heard on shortened time. Although each declarant states a belief that the merger will result in "higher prices" (see Clayworth Decl. ¶ 2; Comanor Decl. ¶ 17), injuries resulting from higher prices would appear to be injuries fully compensable by an award of monetary damages. See Los Angeles Memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980) (holding "threatened injury" of "lost revenues" allegedly caused by antitrust violation insufficient to support request for preliminary relief, because such injury is "compensable by a damages award should the [plaintiff] ultimately prevail on the merits"). Further, although one declarant states a belief that a lesser amount of medical research will be performed as a result of the merger (see Comanor Decl. ¶¶ 19-22), and the other declarant states a belief that the merger will result in a "diminution of innovation and services" and a "lower quality of drugs" (see Clayworth Decl. ¶ 2), there is no showing, let alone any evidence, that any such effect will occur before November 20, 2009.

Further, as defendants point out, plaintiffs did not file their initial complaint until seven months after the proposed merger was publicly announced, and thereafter waited approximately two additional months before seeking injunctive relief. Such delay "implies a lack of urgency and irreparable harm." See Oakland Tribune, Inc. v. Chronicle Publishing

---

[1]Plaintiffs also state that "detailed reasons" why the Motion must be heard on shortened time are set forth in various letters submitted to the Court by counsel for the respective parties in connection with earlier requests for court action. (See Dombroski Decl. ¶ 1.) None of those letters is signed under penalty of perjury, however, and, in the main, the content thereof is argumentative in nature.

For future reference, the Court also advises the parties that the Court does not act on letter requests. If, in the future, a party to this action seeks relief from the Court, such party shall file a motion in conformity with the Civil Local Rules of this District.

Co., 762 F.2d 1374, 1376 (9th Cir. 1985). Plaintiffs have offered no explanation for the delay, nor does the content of the declarations on which their Motion is based suggest such evidence was not available earlier. See, e.g., Valeo Intellectual Property, Inc. v. Data Depth Corp., 368 F. Supp. 2d 1121, 1128 (W.D. Wash. 2005) (holding, where plaintiff, in mid-2004, was threatened with wrongful termination of license, waited to file suit until November 2004, and thereafter waited additional three months to seek injunctive relief, plaintiff's delay "belie[d]" claimed need for immediate relief).

Finally, although plaintiffs assert that such Motion, if not heard on shortened time, will not be heard for "months" (see Pls.' Appl., filed October 16, 2009, at 2:17-18), plaintiffs are incorrect. As noted, under the Civil Local Rules of this District, the Motion can be heard on November 20, 2009.

Accordingly, plaintiff's Application is hereby DENIED, and plaintiff's Motion will be heard on November 20, 2009, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: October 22, 2009

MAXINE M. CHESNEY  
United States District Judge