1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOLDEN GATE PHARMACY SERVICES, INC., d/b/a GOLDEN GATE PHARMACY, et al.,

        Plaintiffs,

  v.

PFIZER, INC., and WYETH,

      Defendants

_____/

No. C 09-3854 MMC (JL)

**ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS; VACATING
APRIL 23, 2010 HEARING**

Before the Court is defendants' Motion for Sanctions, filed February 22, 2010. Plaintiffs have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for April 23, 2010, and rules as follows:

1. To the extent the motion seeks an award of sanctions pursuant to the Court's inherent power and/or pursuant to 28 U.S.C. § 1927, the motion is hereby DENIED, for the reason that defendants have not demonstrated plaintiffs and/or their counsel acted in bad faith in connection with plaintiffs' filing of the challenged documents. See Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989) (holding order awarding sanctions under court's inherent power must be supported by finding of "bad faith"); see also In re Keegan

Management Co. Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1995) (holding order awarding sanctions under § 1927 requires finding of "bad faith").

2.  To the extent the motion seeks an award of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, the motion is hereby DENIED.  Although the Court, by separate order filed concurrently herewith, has dismissed the Second Amended Complaint ("SAC") for failure to state a claim, defendants have not demonstrated the SAC[1] was "clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."  See Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988) (noting, "we reserve [Rule 11] sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose"; describing Rule 11 sanctions as "an extraordinary remedy, one to be exercised with extreme caution").

**IT IS SO ORDERED.**

Dated:  April 16, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1]Defendants do not contend plaintiffs' filing of any document other than the SAC constituted a violation of Rule 11.